LEONA FLESHMAN *et al. v.* BANK OF MARLINTON, *a corporation*

(No. 7822)

Submitted March 7, 1934.   Decided March 20, 1934.

*Jarrett & Wilson,* for plaintiffs in error.
*A. P. Edgar,* for defendant in error.

MAXWELL, JUDGE:

This is a writ of error awarded the plaintiffs to a judgment which was rendered in favor of the defendant by the circuit· court of Pocahontas County sitting without a jury. The action, instituted in 1931, is for the recovery of the amount of a savings account with interest carried by the defendant for the plaintiffs.

Epitomized, the essential facts are these: F. B. Rosewell and his wife conducted a restaurant at Cass. The earnings of a peanut roaster owned .by them and operated in the restaurant they gave to their infant children, Leona and Earl, the former of whom had reached majority and had married before this suit was instituted. The children assisted in operating the roaster. The earnings from the roaster were deposited in the Bank of Marlinton in a savings account in the joint names of the children, deposits being made sometimes by the parents and sometimes by the older child. The mother died in June, 1922, and the father qualified as her admini-

strator, within the knowledge of officials of the defendant. On the 22nd of January, 1923, no withdrawals having been made by either the parents or the children, the father presented to the bank the savings book of the children and a check payable to him, on which he had signed the names of the children "per" himself, for the full amount of the account, $314.76. This sum the bank then paid to him without the knowledge or consent of the children, at that time 12 and 14 years of age, respectively. He represented to the bank that he and the children were moving from the community, and that he desired to transfer their account to a bank elsewhere. No such change of domicile was made, but months later he abandoned the children and absconded without accounting to them or any one else for their savings.

There is thus drawn in question the liability of a bank for a deposit belonging to infants, and paid out by the bank to their parent without their consent, he not having qualified as their legal guardian.

A father, as natural guardian of his infant children, has dominion over their persons, within limitations, but he does not have legal control of their property. "Guardianship by nature extends only to the custody of the person of the ward and not to custody of his property either personal or real." 28 Corpus Juris, page 1061. *Cf. McDodrill* v. *Lumber Co.,* 40 W. Va. 564, 21 S. E. 878; *Clark* v. *Clark,* 70 W. Va. 428, 434, 74 S. E. 234; 15 Am. & Eng. Ency. of Law (2d Ed.), p. 26; 12 Ruling Case Law, p. 1108; *McKinnon* v. *Bank,* (Fla.) 82 So. 748, 6 A. L. R. 111, and note; *Ficken* v. *Bank,* 67 N. Y. Sup. 143. In the *McKinnon* case a father withdrew from the savings department of a bank, without the consent of his children, funds which he had deposited to their credit. In holding the bank liable in an action against it by the children, the court said: "The money passed absolutely and irrevocably from his custody and control, and the bank had no authority to pay it out on his order." In the *Ficken* case the court held: "The father of a child, not being either her general or testamentary guardian, was not entitled to moneys deposited for her benefit in a savings bank."

Non-liability of the bank is sought to be established on the theory that the money which was withdrawn was in fact

earnings of the children, and that under familiar principles the father had legal right thereto. If the money could properly have been considered as earnings of the children at the time it was received from the sale of products of the peanut roaster, the father might then have asserted his right thereto, but he did not. He waived his right in favor of the children. But we are of opinion that the fund may be more properly characterized as representing not earnings of the children but gifts to them by their parents. These gifts having been for their benefit, the law presumes an acceptance by them though they were legally incompetent to accept. "Where a gift made to an infant is beneficial, and not burdensome, the law will presume acceptance." *McKinnon* case, *supra*. Upon the facts at bar the father had no lawful right to retract the gifts and recapture the fund.

Defendant's reliance on Code 1931, 31-8-24, is misplaced. That section authorizes banks to honor checks drawn by infants against their accounts, "except when such banking institution has been specifically directed in writing by the parent or guardian of such minor not to make such payment." This statute, enacted in 1915, evidently had for its primary purpose the protection of banks carrying accounts of infants. A secondary purpose was to enable parents or guardians to place some restraint on expenditures by their children or wards who happen to have money in banks; but the statute in nowise authorizes the parents to appropriate to their own use the bank accounts of their children.

On these principles, we are constrained to a different conclusion from that of the circuit court. We are of opinion that the plaintiffs should recover. It was stipulated on the record between the parties, by counsel, "that should the court find that the plaintiffs are entitled to recover the said sum of money, each of them shall recover one-half thereof." Judgment will be entered here accordingly.

*Reversed and rendered.*